*1007 OPINION.
Lansdon:
To support his refusal to permit the taxpayer and the Bay State Erecting Co. to file consolidated income-tax returns for the years 1918, 1919, and 1920, the Commissioner relies (1) on the fact that, during the years involved; B. Devereux Barker was the owner of record of 48 shares of the common stock of the taxpayer and was not a stockholder of the Bay State Erecting Co., and (2) that for the same years James A. McDonald was the owner of 33 shares of the common stock of the Bay State Erecting Co., and was not a stockholder of the taxpayer.
The Board can not agree with the first contention of the Commissioner. The evidence is clear that, from July 5, 1916, and, through all the years in question, Gustin was the owner in fact of the shares of stock which, during that time, stood in the name of Barker on the stock-book of the taxpayer. In all the circumstances, the stock was the property of Gustin. See the case of Brick v. Brick, 98 U. S. 514.
The second contention of the Commissioner depends upon the meaning of the word “ controlled,” as used in section 204 (b) of the Revenue Act of 1918. With respect to the stock of the Bay State Erecting Co., owned by McDonald, it is clear that Shine and Gustin were free, at all times, to assert control. In the circumstances, both corporations were in fact controlled equally by Shine and Gustin and were therefore entitled to make consolidated income and profits tax returns by reason of the ownership or control of their stock by closely affiliated interests.